## FIRST NAT. BANK OF MILLSAP v. ERVIN et al. (No. 516.)

Court of Civil Appeals of Texas. Eastland.
Dec. 14, 1928.

J. R. Creighton, of Mineral Wells, and Grindstaff, Zellers & Hutcheson, of Weatherford, for appellant.

Ritchie & Ranspot, of Mineral Wells, for appellees.

HICKMAN, C. J. This suit was originally instituted by the First State Bank of Millsap against J. D. Ervin and wife, Maggie Ervin, upon a promissory vendor's lien note for the principal sum of $715, dated September 20, 1917, payable to the order of W. H. Penix on or before one year from its date. The suit was also for the foreclosure of a vendor's lien upon 41⅘ acres of land. Judgment was awarded against J. D. Ervin on the note, but a foreclosure was denied. After the suit was filed, the plaintiff bank was reorganized into a national bank under the name of the First National Bank of Millsap, which bank was substituted as plaintiff in the cause. Mrs. Ervin died during the pendency of the suit and her minor children were made parties defendant. Various defenses were pleaded to the cause of action asserted by plaintiff in error, but we shall find it necessary to consider only the defense that the property against which a foreclosure was sought was the homestead of Ervin and wife; that the transaction by which the purported lien was created was simulated, and the lien therefore void. Our statement of the facts in connection with a con-

sideration of the various propositions will be limited to such facts as throw light upon this defense.

The case was tried before the court without a jury, and the record contains the court's findings of fact and conclusions of law. The following are the pertinent findings and conclusions which control in the disposition of this case, and which are attacked for want of evidence to support them:

"2. I find that upon said date J. D. Ervin and Maggie Ervin were husband and wife; that the above described property was their homestead; that same was then used and occupied by them as such and had been so used and occupied continuously for more than 20 years prior thereto and they continued to use same, together with their family consisting of the minor defendants herein, until the death of the said Maggie Ervin on January 8, 1922, and that the said J. D. Ervin, together with his minor children, continued to occupy same up to the present time.

"3. I find that upon said August 20, 1917, J. D. Ervin and Maggie Ervin, joined by W. F. Smith, conveyed an undivided one-half interest in said land to W. H. Penix, which deed is recorded in Vol. 77, page 531, Deed Records of Palo Pinto County, Texas.

"4. I find that upon said date the said J. D. Ervin and wife, Maggie Ervin, were indebted to the said W. H. Penix and W. F. Smith.

"5. I find that said sale was simulated and said deed was intended as a mortgage to secure the debt due Smith and Penix.

"6. I find that thereafter on the 20th day of September, 1917, the said W. H. Penix conveyed by general warranty deed to Maggie Ervin, the whole of said 41.8 acres of land. In consideration of which the said Maggie Ervin and J. D. Ervin executed a note payable to W. H. Penix or order in the sum of $715.00 dated September 20, 1917, and due on or before one year after date. Said note purporting to be secured by a Vendor's Lien on said 41.8 acres of land. That this sale was simulated and same was an effort to incumber and create a lien upon the homestead of J. D. Ervin and Maggie Ervin.

"7. I find that said deed has not been placed of record and that the whereabouts of same is unknown.

"8. I find that thereafter and upon the same day the said W. H. Penix for a valuable consideration, to-wit, $715.00, conveyed said note to the First State Bank of Millsap.

"9. I find that the First National Bank of Millsap is the successor of the First State Bank of Millsap and is the owner of said note.

"10. I find that at the time of the purchase of said note by said First State Bank of Millsap, that it had notice through its agents and officers of the homestead character of the land purporting to secure the payment of said note and of the simulated character of the conveyance from J. D. Ervin and wife and W. F. Smith to W. H. Penix, and of the simulated character of the conveyance from W. H. Penix to Maggie Ervin.

"Conclusions of Law.

"1. I conclude as a matter of law that the conveyance from J. D. Ervin and wife, Maggie Ervin, and W. F. Smith to W. H. Penix of date September 20, 1917, of the land described in plaintiff's petition was a mortgage and that same created no lien or incumbrance upon the land described therein.

"2. I conclude that on September 20, 1917, when the $715.00 note executed by J. D. Ervin and wife Maggie Ervin, to W. H. Penix, was assigned to the First State Bank of Millsap, that said Bank was not an innocent purchaser without notice and that by the purchase of said note it acquired no better lien upon the land described in plaintiff's petition than was owned by W. H. Penix at the time he made the transfer of said note, and that the note in the hands of the Bank was subject to all the defenses that could have been urged against same in the hands of W. H. Penix.

"4. I conclude as a matter of law that the plaintiff is entitled to a personal judgment against J. D. Ervin for its debt, interest and attorneys fees and costs; that its prayer for foreclosure of its pretended vendor's lien should be refused, and that the deeds from J. D. Ervin, Maggie Ervin and W. F. Smith to W. H. Penix dated August 20, 1917, and the deed from W. H. Penix to Maggie Ervin of date September 20, 1917, should be cancelled."

■ By appropriate assignments and propositions, plaintiff in error presents to this court the contention that there is no evidence to support the findings above copied. Under an assignment that there is no evidence to support a finding, we cannot consider the question of whether the finding is against the great weight and overwhelming preponderance of the evidence, but only the question of whether there is any evidence. Hall Music Co. v. Jim Robinson (Tex. Com. App.) 1 S.W.(2d) 857. If, therefore, there is any support of the findings in the statement of facts, the assignments of error must be overruled.

It would serve no useful purpose to detail the facts in this opinion. We think it sufficient to state a few of them in a condensed form. W. H. Penix was employed by Mrs. Ervin as one of her attorneys in a divorce suit filed by her against her husband. W. F. Smith represented the husband. The wife left home when the divorce suit was filed, the husband and minor children remaining there. During this interval of separation, which, according to the testimony of Ervin, lasted only a few days, Ervin executed a deed to his attorney attempting to convey the homestead. This deed was admittedly not effective as a conveyance of the home-

stead because not executed by Mrs. Ervin. Later Ervin and wife, joined by W. F. Smith, deeded the property to W. H. Penix for a recited consideration of $4,400 cash, none of which was in fact paid. Through an apparent inadvertence, the deed to Judge Penix conveyed only a one-half interest in the property.

Ervin owed $715 in community debts; one of the debts was to the appellant bank and another was to Ervin's attorney, W. F. Smith. When Ervin and wife adjusted their differences and had the divorce suit dismissed, Judge Penix reconveyed the homestead to Mrs. Ervin in consideration only of the note for $715 sued on in this case. This note was transferred to the bank without recourse. The bank paid Judge Penix $715 for the note, which money was used to pay off the debts owing by Ervin, including a debt owing to appellant bank. Officers of the bank were acquainted with all the parties and with the relationships existing between them. They were acquainted with the land and its value; they had both actual and constructive knowledge of the fact that the consideration recited in the deed to Judge Penix for a one-half interest in the property was $4,400 cash, and that the consideration in the deed wherein he reconveyed the whole of the property to Mrs. Ervin was only a note for $715. An officer of the bank called upon Mrs. Ervin before the note was created and voluntarily proposed to buy it when the papers were executed.

The testimony would support the conclusion that the bank received a portion of the proceeds derived from the sale of this note in payment of a debt owing it by Ervin. This conclusion is deduced from the testimony that Ervin owed the bank; that the total amount of his debts was $715; and that all the money realized from the sale of the note by Judge Penix was applied to the payment of Ervin's debts. Mrs. Ervin testified that she owed Judge Penix some money and executed the deed to secure the debt. These facts, to our minds, not only constitute some evidence supporting the findings, but amply justify them.

It seems that the appeal is predicated on the theory that the property lost its homestead character altogether when the suit for divorce was filed and Mrs. Ervin temporarily left him. We cannot accept this theory of the law. The husband and minor children remained in possession of the property during her absence, and she never procured a divorce or acquired another homestead. Plaintiff in error neither pleaded nor proved an estoppel against her.

Many of the facts set out above were disputed by the witnesses for plaintiff in error, but in support of the court's findings we must view the evidence in the light most favorable to the contentions of defendants in error, and, as thus viewed, it is clear to our minds that they support the findings.

The conclusions of law are the correct conclusions to be drawn from the findings of fact, and all assignments challenging their correctness are overruled.

The trial court based its judgment on the ground above discussed, and also on other grounds pleaded by defendants in error. These other grounds are challenged by plaintiff in error, but, since we have concluded that the defense noted supports the judgment, it becomes unnecessary to consider the other grounds upon which the judgment was based.

It is our order that the judgment of the trial court be affirmed.