### PORTER v. CLUCK et al.  (No. 742.)

Court of Civil Appeals of Texas.  Waco.
Jan. 3, 1929.

Rehearing Denied Jan. 31, 1929.

John McGlasson, of Waco, for appellant.
F. M. Fitzpatrick, of Waco, for appellees.

BARCUS, J.  Appellee E. S. Cluck instituted this suit against the Lucky Creek Oil Company, a corporation, and C. H. Kendrick and J. E. Porter, treasurer and secretary, respectively, thereof, to recover $900 which he claimed was due him for drilling a well. He alleged he made a contract with the corporation to drill the well for $2 per foot; that J. E. Porter and C. H. Kendrick had falsely represented to him that the corporation was solvent and had sufficient funds on hand in the bank to pay for the drilling of said well; and that he relied thereon, when as a matter of fact said corporation was at said time totally insolvent and did not have the funds in the bank, and by reason thereof he was entitled to recover the amount due from them. He further alleged that J. E. Porter had subscribed for $4,500 and C. H. Kendrick for $4,600 of stock in said corporation, for which they had not paid, and that he as a creditor of said corporation was entitled to recover from them a sufficient amount to pay his debt.

The cause was tried to the court, and resulted in a judgment being entered for appellee Cluck against the Lucky Creek Oil Company and J. E. Porter, jointly and severally, for $900, and in favor of the defendant C. H. Kendrick.  J. E. Porter alone appeals.

Appellant presents only two propositions, the first of which is: "The trial court should not have rendered judgment against him because the undisputed evidence shows that all stock subscribed for by him had been paid in full." The testimony shows that there was issued by the Lucky Creek Oil Company $10,000 of stock, of which appellant subscribed for and was issued $4,500. He testified that he paid in cash from $1,500 to $1,800, and that the remaining portion of his stock

was paid for by the transfer to the corporation of certain leases held in the name of C. H. Kendrick. C. H. Kendrick testified that he individually owned the 2,200 acres of oil leases which he transferred to said corporation, and that he agreed with appellant that if he (appellant) would finance the drilling of the well, he (Kendrick) would put in the leases, and that they would then own an equal amount of stock. The land was transferred to the corporation by C. H. Kendrick for a recited consideration of $1 and other valuable considerations paid. Appellant had no record title in said leases and did not join C. H. Kendrick in the transfer thereof to the corporation. The law seems to be well settled that the owner of a mineral right has an interest in the land, and to convey same it must be done by an instrument in writing, properly executed and delivered. First State Bank v. Bland (Tex. Civ. App.) 291 S. W. 650, and authorities there cited. There is nothing in the record that in any way indicates that the managing directors of the Lucky Creek Oil Company agreed to or did issue appellant any portion of his $4,500 stock subscription in consideration of the oil leases being transferred to it by C. H. Kendrick. In order for appellant to have established the fact that his stock, or any portion thereof, had been paid for by the transfer of the oil leases to the corporation by C. H. Kendrick, it was necessary for him to show that the directors or those in charge of the corporate affairs agreed to and did accept same in payment thereof; and it was further necessary for him to show that at the time C. H. Kendrick transferred said leases to said corporation, it was done by him for the purpose of paying for appellant's stock. In the absence of any proof tending to establish said conditions, we do not think it could be said as a matter of law that the undisputed evidence showed that all stock subscribed for by appellant had been paid in full. We think the testimony as a whole is amply sufficient to sustain the finding of the trial court that appellant had not paid for all his stock.

█ By his second and last proposition appellant contends, in substance, that the evidence shows without dispute that appellee Cluck relied wholly upon the expectation that the corporation would raise the money with which to pay him for drilling the well from subscriptions of stock made by other stockholders, and that he did not rely upon any representations made by appellant. We do not think the record bears appellant out in this proposition. Appellee testified positively that before he would make the contract to drill the well that appellant told him positively the corporation had $900 of the money in the bank with which to pay for the drilling of said well to a depth of 650 feet at $2 per foot, and that the remainder of said money was in good subscriptions and would be paid without delay; and that he relied upon said statements, and would not have drilled the well but for said assurances, promises, and statements made by appellant. We think the evidence was sufficient to authorize the implied finding by the trial court that appellee did rely upon the statements made by appellant. Said proposition is therefore overruled.

█ The rule is well established that the appellate court, in passing upon the sufficiency of the testimony to sustain the finding of the trial court, will take in its most favorable aspect the evidence in favor of and in support of said finding.

There being no merit in either of appellant's propositions, the judgment of the trial court is affirmed.