## HAMILTON v. MARONEY.

No. 3966.

Court of Civil Appeals of Texas. Amarillo.

Feb. 22, 1933.

Rehearing Denied March 29, 1933.

J. Shirley Cook, of Vernon, for appellant.

Killough & Dotson, of Vernon, for appellee.

MARTIN, Justice.

The appellant owned land in Wilbarger county. The appellee was a tenant, claiming a rental contract on one of appellant's farms for the year 1932, alleged to have been made with Claude Hamilton, son of appellant. The authority of the son to make this contract furnishes the basis for the controlling legal issues involved here.

The jury returned findings, the effect of which was to support appellee's theory that Claude Hamilton had both express and apparent authority to make the rental contract in question. These findings are under attack for the alleged insufficiency of the evidence to support each of them.

Passing on such a question, the appellate court is under the duty to take in its most favorable aspect the evidence given in support of the findings. Porter v. Cluck (Tex. Civ. App.) 13 S.W.(2d) 130.

We are not able to say that the facts and circumstances in evidence were such that only one reasonable conclusion could be drawn from them. If they were of the character which would justify reasonable men in reaching different conclusions, the case should be submitted to the jury, and its finding in that event is binding on the appellate court. Wininger v. Railway Company, 105 Tex. 56, 143 S. W. 1150; Reed v. Hester, (Tex. Com. App.) 44 S.W.(2d) 1107, 1108, and authorities there collated.

Measured by the above rules, the facts in evidence here demand from us an affirmance of this case. Some of the material facts are: The land in controversy was rented to appellee for the year 1931 by Claude Hamilton acting as the agent of appellant. Appellant testified, in part, regarding the authority of Claude Hamilton:

"He knows more about men than I do and I tell him if it is all right with him it is all right with me. That is, if they are good men and he wants him, but we did not rent to this man. * * *

"Q. So you really rely on your son Claude to look after 'your affairs and rent out your places, don't you? A. Yes, because I can't get around. * * *

"Q. But outside of this particular section he has rented other land out for you, has he not? A. Outside of that section?

"Q. Yes. A. I guess there is some living on it.

"Q. How many sections do you have out there? A. Only two.

"Q. Do you know whether he has rented any of the other out or not? A. I think he has rented some. * * *

"Q. You had no objection to Mr. Maroney unless Mr. Hamilton wanted to work the land himself, did you? A. No sir, I did not. I did not know much about it. * * *

"Q. And he has been looking after your business for several years? A. Yes, sir. Him and his wife are good to me and I could not hardly do without them.

"Q. And they look after you and your business and take care of you and everything? A. Yes sir."

The appellee testified positively that he rented the place from Claude Hamilton, conditioned on his financing himself, and that he did arrange to finance himself, and so notified Claude Hamilton; that he then proceeded to prepare the land for the crop of 1932; that there was about one hundred acres of it. The appellant and her son both denied that appellee had rented the land. Appellant never had a conference with appellee about the matter; it appearing that she trusted all negotiations to her son, and that he looked after her affairs. It is probably inferable that appellant denied the authority of her son to make the specific contract in question, but her denial in this regard is not conclusive. Reed v. Hester (Tex. Com. App.) 44 S.W.(2d) 1107, 1109. The relation of principal and agent may exist whether the parties so understood it or not. It may be established by circumstances, among others the recognition by the principal of acts of the agent similar in character to those in controversy. Osborne & Co. v. Gatewood (Tex. Civ. App.) 74 S. W. 72; International & G. N. Railway Company v. Ragsdale, 67 Tex. 24, 2 S. W. 515. The appellant was equally bound by the authority which she actually gave and by that which by her own acts she appeared to give. Osborne & Co. v. Gatewood, supra. The real question in all cases

of apparent authority is, not what was the authority actually given, but what would a third person dealing with the agent as such be justified in believing his authority to be. 2 Tex. Jur. pp. 426, 427; Ford Motor Co. v. Maddox Motor Co. (Tex. Civ. App.) 3 S.W. (2d) 911.

The jury having found, upon what we believe was sufficient evidence, that actual authority had been given by appellant to her son, she was bound by his statements, and the assignment questioning these passes out of the case, and will not be discussed.

The judgment is affirmed.