## SMITH v. CONNER.

### No. 11992.

Court of Civil Appeals of Texas. Galveston.

May 13, 1948.

Eugene C. Williams, of San Antonio, for appellant.

J. Edwin Smith, of Houston (Allen, Smith & Neal, of Houston, of counsel), for appellee.

GRAVES, Justice.

This is an appeal from an order of the trial court overruling the plea of privilege timely filed by the defendant, William H. Smith, who resides in Bexar County, Texas. The plaintiff, W. S. Conner, brought suit in Harris County, Texas, against Albert F. Schmidt, also a resident of Bexar County, Texas, for damages sustained to his person and property, allegedly as a result of a collision near the town of Katy in Harris County, Texas, between an automobile driven with due care by plaintiff and one negligently driven by the defendant, Albert F. Schmidt. The defendant, William H. Smith, appellant herein, was joined as a codefendant by the plaintiff, who alleged that Albert F. Schmidt was the partner, agent, servant, representative, or employee of William H. Smith. Trial was before the 'Court, without a jury, and judgment was rendered overruling pleas of privilege filed by both defendants. Only the defendant, William H. Smith, has appealed.

No findings-of-fact or law, were either requested or filed by the court as in support

of its argument. Appellant's points-of-error are these:

"First: The undisputed evidence conclusively showed that Albert F. Schmidt was not acting within the scope of his employment at the time of the collision; that he was on a mission of his own, which mission was initiated by him for his own pleasure and purposes; that, at the time of the collision, he was doing nothing in furtherance of his employer's business.

"Second: There is no evidence of a trespass, under Sub. 9, Article 1995, R.C.S.1925, Vernon's Ann.Civ.St. Art. 1995, subd. 9, having occurred in Harris County, Texas."

It undisputedly appeared that the appellant, William H. Smith, and his codefendant below, Albert F. Schmidt, were brothers, the one having modified their common family name, the other not, and that the non-appealing one, Albert F. Schmidt, was, at the time of the declared-upon collision in Harris County, not only the employee and agent of the appellant, but was also then within the regular worktime, for which he was being paid by his employer.

In this connection, the appellant, in his brief, in substance, makes this appropriate concession: "If Albert F. Schmidt was acting as the agent, servant, or employee, of William H. Smith at the time of the collision, Subdivision 9, of art. 1995, R.C.S. Vernon's Ann.Civ.St. Art. 1995, subd. 9, would be applicable as to the appellant in Harris County, Texas, upon a further showing by the appellee of active trespass in that County by Albert F. Schmidt".

■ However, notwithstanding the fact of such trespass, which this accident—if having been the result of negligence upon the part of Albert F. Schmidt—constitutes, the rub under appellant's contention is, as his points specify, (1) that, under the conclusive effect of the evidence, Albert F. Schmidt, at the time of the accident, had neither been acting within the scope of his employment for his brother—being then on a mission of his own he had initiated for his individual pleasure—and was neither acting within the scope of his employment for, nor in furtherance of his brother's business, and furthermore, (2) that the accident was not shown to have happened within Harris County.

Neither of these propositions can be sustained; to the contrary, it is held that, under the evidence and the presumed findings of the court therefrom, it clearly appears that plain issues-of-fact were raised; first, over whether or not Albert Schmidt was acting, at the time of the collision, within the scope and course of his employment for his brother, William H. Smith, and second, whether the collision itself had occurred within the limits of Harris County.

■ In the circumstances so shown to have attended this cause, it is well settled that this Court must consider the evidence in the most favorable light permissible to the trial court's judgment overruling the plea-of-privilege. Porter v. Cluck, Tex. Civ.App., 13 S.W.2d 130; First National Bank v. Ervin, Tex.Civ.App., 12 S.W.2d 269.

While it would be going beyond the requirements to here detail the body of the evidence, it is clear that it was sufficient to support controlling features, which may be briefly thus epitomized: (1) that at the time of this collision or trespass, the appellant was engaged in the business of buying and selling used cars in Harris County; (2) that he had just bought one there, which was waiting in Houston to be taken to his home in San Antonio for resale by him there; (3) that it was customary in such instances for Albert Schmidt to go to Houston and get the cars so habitually purchased there by appellant for resale at San Antonio, and to take them over there, in accord with such usual course-of-business, for his brother, for the purpose of such resale at San Antonio; (4) that on the day of the accident here involved, Albert Schmidt, with that purpose at least as one of his objectives, and while admittedly in the regular and usual employ of his appellant-brother, and pursuant to his agreement to that effect between them, left San Antonio at about 3:30 a.m., which early departure therefrom would allow him to make his otherwise-planned visit to Houston, and get such car, and return to San Antonio that same day;

(5) that while he also testified he had planned to go to Houston to do Christmas-shopping that day anyway, both he and the appellant freely conceded that they had specifically agreed that he was to get appellant's car from the Mossler Acceptance Corporation at Houston, and take it across to San Antonio, as part of the objective of his trip for that day between the two towns; further, (6) that he was being paid by the week as an employee at the time of this accident; (7) that it occurred within his regular work-hours; (8) that while he had gone there in his own car appellant had given him, such was their usual course-of-business, and he had so gone to Houston in accord with such custom with his brother's express consent and approval, under their specific understanding that he would obtain and return the appellant's car to him, as, to say the least, one of the purposes of his trip.

Under these and many other features of the evidence that might be cited, it seems clear that the most that could be said in support of appellant's presentments is that the evidence as a whole justified the fact-conclusion that Albert Schmidt, at the time of the collision in Harris County, was there on a joint-mission; that he had so come from San Antonio to Houston in part for his own pleasure, and in part on his brother-employer's business—to wit: To take possession of in Houston and to transport to San Antonio, in order that it could be sold in the employer's regular business there, an automobile that had been previously purchased there by his employer; both of which transactions had been according to the usual course-of-business between the brothers.

■ Even so, such joint-mission, or dual purpose, would not relieve the appellant-employer from liability for his brother-employee's tort in Harris County. The rule of law applicable, especially in Texas, is thus stated in Sherman & Redfield on Negligence, Fifth Addition, Vol. 1, Page 361, Sec. 147: "On the other hand, where a servant is allowed by his master to combine his own business with that of the master, or even to attend to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in, when a third person was injured by his negligence; but the master will be held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master in the act, the negligent performance of which caused the injury."

This rule has been quite generally adhered to, especially in Texas. Galveston, H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,NS., 367; Studebaker Bros. Co. v. Kitts, Tex.Civ. App., 152 S.W. 464 (W.E.Ref.); Gulf Refining Co. v. Texarkana & Ft. S. Ry. Co., Tex.Civ.App., 261 S.W. 169 (W.E. Dism.); Davis v. Jeffords-etc. Co., Tex. Civ.App., 261 S.W. 401 (W.E.Dism.); Mc-Keage v. Morris & Co., Tex.Civ.App., 265 S.W. 1059; Royal Indemnity Co. v. Hogan, Tex.Civ.App., 4 S.W.2d 93 (W.E.Ref.); Guitar v. Wheeler, Tex.Civ.App., 36 S.W. 2d 325 (W.E.Dism.); Liberty Mutual Ins. Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787; Wilhoit v. Iverson Tool Co., Tex.Civ. App., 119 S.W.2d 709 (W.E.Dism.); Associated Indemnity Corp. v. Billberg, Tex. Civ.App., 172 S.W.2d 157; Liberty Mutual Ins. Co. v. Nelson, Tex.Civ.App., 174 S.W. 2d 103, affirmed 142 Tex. 370, 178 S.W.2d 514; Maryland Casualty Co. v. Stewart, Tex.Civ.App., 164 S.W.2d 800 (W.E.Ref.); Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181; Irwin-Neisler & Co. v. Industrial Commission, 346 Ill. 89, 178 N.E. 357; Barragar v. Industrial Commission, 205 Wis. 550, 238 N.W. 368, 78 A.L.R. 679.

■ As concerns the claim that the collision, which if negligently caused by the appellant's agent, as so conceded by him, was a trespass, did not happen within Harris County, there is little to be disposed of; there was ample evidence to support—indeed, to compel—a finding upon the trial court's part that the accident did happen well within Harris County, about two miles east of the town of Katy, Texas, which town itself lay upon the western border of the County; in fact, the Court may take judicial knowledge that at Highway 90, where this accident occurred, the western boundary line of Harris County is the

Town of Katy. Fidelity & Cas. Co. v. Branton, Tex.Civ.App., 70 S.W.2d 780, 789; McGill v. State, 25 Tex.App. 499, 8 S.W. 661, 669.

These conclusions require an affirmance of the trial court's judgment. It will be so ordered.

Affirmed.