**TEXAS POWER & LIGHT CO. v. EVANS.**

No. 14100.

Court of Civil Appeals of Texas. Dallas.

Oct. 21, 1949.

Rehearing Denied Dec. 16, 1949.

Burford, Ryburn, Hincks & Ford and Howard Jensen, Dallas, for appellant.

A. G. Henry and Fred W. Bankhead, Kaufman, for appellee.

CRAMER, Justice.

This is a damage suit filed by appellee Evans against appellant Light Company, growing out of a collision between its pick-up truck, driven by C. D. Stanley, and the Evans automobile.

The undisputed facts are that appellee Evans was proceeding south away from the public square in the City of Kaufman, taking his nine-year-old son to school. When he reached the intersection of Washington Street with Second Street, he stopped for a red signal light. At the time the weather was very cold, the streets were icy and slick, and there was snow on the ground. While the signal was still red, C. D. Stanley, in endeavoring to stop appellant's truck, skidded on the ice and crashed into the rear of the Evans automobile. At the conclusion of the testimony, the court overruled appellant's motion for an instructed verdict which, among other grounds, asserted in detail that C. D. Stanley was not acting within the scope of his employment, but was on a personal mission of his own. The jury answered negligence issues submitted to

them against appellant and awarded damages in the sum of $5,000 and judgment was entered for the amount of the damages found, plus costs. The issues of course of employment were not submitted to the jury and no issue was requested thereon by either party. The appellant did except to the court's charge asserting that the record disclosed, as a matter of law, that C. D. Stanley was not acting in the furtherance of his master's business, or in the scope of his employment at the time; and because there was no issue submitted to the jury as to whether Stanley was an agent or servant of the defendant at the time and was acting within the scope of his employment at such time. Appellant, also, after the verdict, made a motion for judgment notwithstanding the verdict, again asserting that the undisputed evidence disclosed that Stanley was not in the course of his employment, but was engaged on a purely personal and private mission of his own; was violating the instructions of his employer and was outside and beyond the course or scope of his employment at the time of the accident.

On appeal, appellant assigns only three points of error, in substance: (1) Error in overruling its motion for instructed verdict and its motion for judgment notwithstanding the verdict; (2) in holding that C. D. Stanley was in the scope of his employment for appellant; and (3) error in holding that Stanley was in the scope of his employment for appellant at the time of the collision as a matter of law, and in failing to submit an issue to the jury inquiring whether C. D. Stanley was in the scope of his employment.

Appellee assigns three counter points. The first two counter appellant's points; and the third is, in substance, that appellant not having requested the issue of course of employment, it waived such issue.

The first two points of error and the two counter points thereto will be considered together. C. D. Stanley, on direct examination on course of employment, testified in substance that he was employed by appellant and had been so employed for a period of 25 years on the past October 17,

1948; that he passed the corner where the signal light was located and the collision occurred on the direct route between his home and his employer's office; that he got up on the morning of the accident at about 6:30; that he was due at the office at 8:30 a.m.; that he left home about 6:45, drove to the square, parked beside the Morrow-Hendrix Cafe or coffee shop, went inside, had coffee with a bunch around the square that gathers there for coffee, then went to the post office and gathered the mail and carried it to the office. That the janitor had lighted the fires and he checked to see that stoves were properly lighted and office warm; put the mail on his desk, telephoned his wife who also worked for appellant, locked the office and left about 8:15 to go and get his wife and bring her to the office; that she was due at the office at 8:30. The accident involved in this case occurred about 8:35 A.M. while he was on his way to get his wife; after the accident, at his request, he was driven to his home by appellee Evans who then drove him and Mrs. Stanley to the office. When he arrived at the office he telephoned Mr. Norton, his district superintendent at Terrell, and reported the accident. Mrs. Stanley's employment did not contemplate her being furnished transportation back and forth to and from her home and the office. Appellant had not authorized him and he had no express authorization or authority to use the company's equipment to go out and pick up his wife and bring her to and from the office.

On cross-examination by appellee, he testified (omitting repetitions) that the nature of his duties was such that he was subject to call at all times; his office hours from 8:30 A.M. to 5:00 did not limit his duties to that time; that he kept appellant's truck at his home and had it in his possession at all times; he drove the truck whenever he had occasion to use it,—and that had been his custom during all the time, and *that this testimony is the first time he had admitted to anyone that he had no authority to drive the truck on the occasion in question;* the truck had been furnished him some 5 or 6 years before; that Mrs. Stanley had driven the truck a time or two,—

"maybe the truck would be at home and she would bring it to the office."

On re-direct Stanley testified that his working hours were from 8:30 to 12:00 and from 1:15 to 5:00—seven hours and 15 minutes per day—and be subject to call 24 hours a day in case of an emergency—line down or customer in trouble; he had no emergency call that morning before or as he was going out to pick up his wife, nor any that day; he worked that day from 8:30 to 5:00 with no overtime; when he worked out of regular hours he made out a time ticket and got extra pay for it; he received no pay on the day in question, except for the hours from 8:30 to 5:00; he had no permission to use the truck on personal missions of his own; he *had no instructions about it;* neither his nor his wife's time slip, on the day in question, was for other than the regular hours; premium time would have appeared on such slips, that is, time after 5:00 P.M. and before 8:00 next morning; *he did no work before 8:30 the morning in question and was paid for none;* he was not on a call for the company that morning when he went after his wife and had no instructions from his superior to pick her up that morning.

J. D. Norton, District Manager of the Terrell District which included Kaufman, also testified on such issue, in substance, that Stanley was the local representative at Kaufman; Stanley's regular hours were from 8:30 to 5:00, but subject to call for any emergency, for which he receives his time plus a premium of one hour extra, as pay therefor. By emergency call, he stated that he meant: "After those working hours —8:30 to 5:00, he has had his hour and fifteen minutes for lunch—if there is, after five and before eight-thirty—if anybody calls about his lights being out or lights giving trouble, he gets his premium hour, and is paid for the time he does it"; that such emergency call appears on Stanley's time slip and the slip sent to Terrell. The time slips for the day involved were intro-duced showing the pro-rated time from 8:30 to 5:00, but no premium or extra time, nor any emergency call; Mrs. Stanley works for appellant and her employment or compensation does not provide for her transportation to and from her home and the office; there are three employees and a janitor at the Kaufman office; Mrs. Stanley was cashier and had an assistant; he knew of no emergency or other reason why Mrs. Stanley had to be at the office at that particular time. On cross-examination, that he knows nothing about what Mr. or Mrs. Stanley did on the morning of the accident except what appeared on their time slips.

Mrs. Stanley testified, in substance, that she has lived for about 14 years on Highway 175, some ten blocks from the Kaufman Square; works for appellant as cashier and bookkeeper (posts cash, refund deposits and makes out connections and disconnections on paper); on the morning in question she got up about 6:30, looked outside and saw that the streets were icy with snow on the ground; she was due at office at 8:30 A.M.; gets off at 5:00 P.M. Her husband usually left home about 7:00 A.M. but not due at office until 8:30; she usually goes to work in her own Plymouth but did not do so on morning in question.[1]

The rules laid down in adjudicated cases governing the liability of the employer for the acts of the employee are well settled. It is the application of these rules to the facts in individual cases that has given the courts trouble.

Appellant contends that the case is controlled by the following well established rules: When an employee driving the employer's automobile completely departs from his work to accomplish some purpose of his own not connected with his employment, the relation of master and servant is temporarily suspended and the employer is not liable for the employee's acts during such period of suspension. Southwest Dairy Products Co. v. De Frates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854.

1. The trial court sustained objections. as to the reasons why Mrs. Stanley did not go to the office in her own automobile on the morning in question and such evidence is, therefore, not in the statement. of facts.

The employer is not liable for the acts of his employee while using the employer's vehicle solely on an independent purpose such as driving it for the benefit of such employee's own family, Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, writ ref.; or while using the employer's vehicle to accommodate a coemployee, Smith v. Turner, Tex.Civ.App., 150 S.W.2d 304, writ dis. c. j. And it matters not that the accident occurs out of or during employee's working hours.

But we are of the opinion that the evidence here does not bring this case within those rules. Under the evidence here the jury could reasonably have found that it was for the employer's benefit to have the cashier at the office on time; and, under all the facts and circumstances in evidence, Mrs. Stanley's ability to drive her own automobile, her age, her physical condition, the condition of the weather, the duties Mrs. Stanley performed at the office, the question of whether she would have gotten to the office at the proper time but for such trip, her importance to appellant. at the office, the interest of Mr. and Mrs. Stanley in connection with their testimony for their employer, 5 Tex.Jur. p. 783; Homan v. Borman, Tex.Civ.App., 19 S.W.2d 438, 441; Gammill v. Mullins, Tex.Civ.App., 188 S. W.2d 986, the fact that Stanley testified that the first time he had admitted to anyone he had no authority to drive the truck on the occasion in question, and from their observation of the witnesses while on the witness stand, could have concluded that the local manager, in the reasonable exercise of his discretion as local representative at Kaufman, could and did make the trip in question for his employer's primary benefit, although at the same time he may, as an incident thereto, have benefited both himself and his wife. See note on Agency—Scope of Employment, 10 Texas Law Review, 69.

■ It is a settled rule that where an employee acts for the accomplishment of the object for which he is employed, or is acting within the general scope of his authority, the master is liable for his acts, although he may perform the duty in a wrongful manner or without specific orders and although he is in fact at the same time

mingling his master's business with his own incidental interest. Smith v. Conner, Tex. Civ.App., 211 S.W.2d 630 and cases there cited.

■ We therefore hold that the evidence raises a controverted issue of fact and that neither party was entitled to an instructed verdict. Broaddus v. Long, Tex.Civ.App., 125 S.W.2d 340, affirmed 135 Tex. 353, 138 S.W.2d 1057.

The first two assignments raising the question of no evidence to sustain the finding that Stanley was in the course of his employment at the time in question are overruled, as are appellee's counter points that the evidence shows without dispute that Stanley was in the course of his employment.

From our conclusions above stated, appellant's third assignment that the evidence raised a jury issue is sustained.

■ But appellee raises the question that the submission of this question of fact as to course of employment was decided by the court in his favor, which was proper and final, since no issue of course of employment was submitted to the jury and such special issue was not requested by appellant. The issue of course of employment was a question of fact for the jury; was necessary to plaintiff's recovery; and the burden of proof was upon him. Texas Rules of Civil Procedure, rule 279 specifically provides: " * * * Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; Provided, However, That Objection To Such Failure Shall Suffice In Such Respect If The Issue Is One Relied Upon By The Opposing Party. * * *." The part of the rule beginning with the word "provided" and ending with the word "party" and in capital letters, was added by the Supreme Court at the time of the adoption of the rule and changed the old statutory wording to that extent,—and settles the question here in this case against appellee. Such assignment must therefore be overruled. For the reasons stated, the

judgment below is reversed and remanded for new trial.

Reversed and remanded.

### On Rehearing.

Appellant's motion for rehearing again raises the sufficiency of the evidence to support the verdict.

█ As stated in our original opinion, this, under the circumstances here, was a controverted jury issue. We find the clearest statement of the rule in an opinion by the then Chief Justice Cardozo of the Court of Appeals of New York in Marks' Dependents v. Gray et al., 251 N.Y. 90, 167 N.E. 181, 183, which was cited with approval by this Court in McKim v. Commercial Standard Ins. Co., 179 S.W.2d 357, writ refused. The test in the Marks case was stated as follows: "The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. Clawson v. Pierce-Arrow Motor Co., 231 N.Y. 273, 131 N.E. 914. If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk."

The motion for rehearing is overruled.