## JOHNSON v. CITY OF CORPUS CHRISTI.
### No. 4818.

Court of Civil Appeals of Texas.
El Paso.
June 27, 1951.

Tom M. Pogue, Corpus Christi, for appellant.

Kemp, Lewright, Dyer & Sorrell and Tom Lawrence, Jr., Corpus Christi, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Nueces County, 117th Judicial District.

Ray D. Johnson as plaintiff sought to recover from the City of Corpus Christi as defendant, for damages alleged to have been negligently inflicted by defendant on an airplane belonging to him while same was parked at the Municipal Airport, owned and maintained by said city. The trial was before the court without a jury, judgment in favor of defendant city, and plaintiff has perfected this appeal therefrom.

The said city, at the relevant time herein, was lawfully occupying, maintaining and operating an airport outside the city's corporate limits, known as Cuddihy Field; that on April 22, 1949, plaintiff parked his airplane on said field on the parking facility provided thereon by said city. It is averred further the city subleased for profit certain of its hangars and operating facilities of said field to private individuals, who in turn operated hangars and facilities as private businesses, selling gasoline and sundry supplies to the owners of airplanes using the field. Further in consideration that private owners operating their planes out of said field avail themselves of the facilities of the airport and purchase gasoline and sundry supplies from the sublessees of the City, the city provides tie-down space and storage and parking space for the private airplanes. The conclusion from these facts was that the city owns and operates an airplane parking and storage place for hire at said field. Plaintiff further avers that on the night of April 22, 1949, his airplane was parked on the field in its customary and regular parking space provided by the defendant;

there was a windstorm and that a portable scaffold belonging to defendant city was blown against his airplane and great damage resulted to his plane from such portable scaffold being blown over and against the plane. There are numerous grounds of negligence charged against defendant, among which are the following: It failed to provide a safe place for storage for the said portable scaffold in failing to have the scaffold tied to the wall of Hangar No. 3 at the time and upon the occasion in question; in failing to inspect said scaffold at the time and upon the occasion to see that same was securely tied to the wall of Hangar No. 3 or otherwise stored in some safe place; in failing to provide adequate ropes, chocks or blocks or other equipment so that said portable scaffold could be securely fastened; in failing to remove said scaffold from the airport after defendant had learned upon previous occasions that said portable scaffold was easily moved, pushed, or blown by the wind.

Defendant answered by way of general denial that prior to the storm one Ernest Brown, Jr., removed the scaffold from Hangar No. 3 in order to store an airplane at the place occupied by such scaffold, and that he then placed such scaffold on the outside of said hangar and secured same with two ropes, but did not block the wheels of said scaffold; that the moving of the scaffold from the hangar was done by Brown without the knowledge or consent of any of the agents, servants or employees of the city in charge of said airport and that it was in no wise responsible for the manner in which said scaffold was secured to the outside of said hangar; that at the time the scaffold was placed in the hangar it was properly secured.

In compliance with the request of plaintiff, the court made up and filed findings of fact and conclusions of law. The court found in substance that the City provided a safe place for the storage of the scaffold involved; that the act of defendant in permitting the scaffold to remain at the airport was not negligence; that prior to and on April 22, 1949, the city stored the scaffold in a hangar; that at

the time the employees of defendant left the premises at 5 p. m. on April 22, 1949, the scaffold was in a hangar and the door of the hangar was closed; the scaffold was removed from the hangar between sundown and dark on April 22, 1949, by Ernest Brown, Jr., who placed the scaffold on the outside of the hangar and secured such scaffold to the walls of the hangar by means of ropes; Brown was not an employee of the defendant on April 22, 1949; the defendant, its agents, servants and employees did not authorize or consent to the removal of the scaffold from the hangar by Brown; no employee of the city had knowledge of the fact that the scaffold had been so removed by Brown; defendant, through its night watchman, made adequate inspection of the premises on which the hangar was located on the night of April 22, 1949; defendant was not negligent in failing to discover that the scaffold had been removed from the hangar and placed on the outside thereof; defendant and its employees could not have anticipated or foreseen that Brown or any one else would remove the scaffold without its authority or consent; Brown was not guilty of negligence in removing the scaffold outside the hangar; that the scaffold was not negligently secured to the wall of the hangar; that it was not negligence on the part of the city in failing to provide equipment to secure and fasten the scaffold on the outside of the hangar; the damage to plaintiff's airplane was the result of an unavoidable accident. In substance, the conclusions of law were that defendant and its agents, servants and employees were not guilty of any act or omission constituting negligence and proximately causing the accident upon which this suit was based, and the resulting damage to plaintiff's airplane; that the damage to plaintiff's airplane was the result of an unavoidable accident and the plaintiff therefore was not entitled to recover.

The plaintiff filed extensive objections to the court's findings of fact. He further asked the court to make additional findings of fact. The court granted some of the requested findings of fact in response to the motion of plaintiff. It was found in substance that the scaffold had been tied to the outside of Hangar No. 3 on more than one occasion; that the defendant had knowledge that the scaffold was sometimes kept outside of Hangar No. 3; that the city had knowledge of the fact that high winds could be expected in the vicinity of the airport in question some time during the night of April 22 or the early morning hours of April 23rd; that no agent, servant or employee of defendant made any inspection of the ropes securing the scaffold in question on the night of April 22nd or the early morning hours of April 23rd, 1949; that the defendant gave permission to Ernest A. Brown, Jr., to use the quarters and space in Hangar No. 3 from which the scaffold in question was moved; that the scaffold in question was equipped with rollers, or casters, so that same would roll very easily; that the plaintiff sustained damages in the amount of $700; that the plaintiff kept his airplane stored in the place designated by the defendant for the storage of same.

■ It is thought to be elementary that any duty owed by the city to plaintiff arose from the permissive parking of plaintiff's airplane on the air field maintained by the city. It is not deemed material to decide whether the relationship was that of bailor and bailee, licensor and licensee, or invitor and invitee. It is elementary, we think, that the duty rested upon the city to use ordinary care to prevent damage to the plaintiff's plane.

Points of error 1 to 6 are briefed together. In substance, they are as follows: That the court erred in finding as a fact that appellee through its night watchman made adequate inspection of the premises on which the hangar was located; erred in finding that appellee was not negligent in failing to discover that the scaffold had been removed from the hangar and placed on the outside thereof; erred in finding as a fact that appellee and its employees could not have anticipated or foreseen that Brown or any one else would remove the scaffold from the hangar without authority or consent; erred in finding that the city and its agents and employees were not guilty of any act or omission constituting negligence

and holding that the damage to appellant's airplane was the result of an unavoidable accident; erred in refusing to find that the failure upon the part of appellee to inspect the scaffold in question was negligence; erred in refusing to find as a fact that no agent, servant or employee of the city made an inspection of the scaffold in question and in refusing to conclude as a matter of law that defendant was under the duty to inspect the scaffold to see that the same was adequately secured.

In our opinion it is elementary that under the evidence it was not established as a matter of law that any of the acts and omissions charged against defendant constituted as a matter of law negligence; further that negligence or non-negligence was a question of fact for the trier of the facts. There is ample evidence to sustain each and every finding of the trial court. The following facts seem to be undisputed: The usual and customary place for the storage of the portable scaffold was in Hangar No. 3; that Ernest Brown was negotiating with the city for the use of Hangar No. 3 and on the occasion in question had access thereto; that having occasion to use part of the space in Hangar No. 3 for the storage of a plane he took the portable scaffold from out the hangar and attached it to a corner of the hangar with a rope, or ropes, attached to the scaffold; that during the night there was a strong wind and the portable scaffold broke from its moorings and was propelled by the wind into and against plaintiff's plane. The evidence entirely fails to show as a matter of law that the city was in any way responsible for the negligence of Brown, the one who took the scaffold from the hangar. This is true even though Brown had access to and permissive use of the hangar. The long and short of the matter is that it was a question of fact under the evidence as to whether the city was guilty of any omissions or acts charged as negligence against it. The finding of the trial court is final with reference thereto.

Points 7 and 8 are briefed together. In substance it is charged that the court erred in finding that the failure on the part of appellee to provide proper equipment to secure and fasten the scaffold on the outside of the hangar was not negligence. Now the only evidence that such failure there was the fact that the wind broke the ropes. There is no evidence, or at least it is not conclusive on the matter, that the city could anticipate it would be necessary to fasten the scaffold with the ropes. The only evidence that the scaffold was negligently secured to the wall of the hangar was that same broke loose. Again we have a question of fact, solved on disputed evidence.

In order that an act or omission have the quality of negligence, damage to another must be reasonably anticipated as a consequence of such act or omission. Anticipation of harmful consequences is a constituting element of negligence.

When a harmful result flows from an act or omission where the harmful tendency of such act or omission cannot be reasonably foreseen, such occurrence may reasonably be said to constitute an accident.

The court here found that plaintiff's damage was the result of an unavoidable accident. In our opinion the evidence is ample to support the full and fair findings of fact made by the trial court.

Points 9 and 10 complain respectively of the trial court's refusing to find as a matter of law that the city was under a duty to inspect the premises in question, to discover that the scaffold was outside of the hangar; that the court erred in refusing to conclude that as a matter of law appellee was under a duty to inspect the scaffold to see that same was adequately secured to keep same from rolling. Now the duty incumbent upon the defendant by the law was to use ordinary care for the safety of plaintiff's airplane which it had permitted to be parked on its premises. It was still a question of fact whether as a matter of law defendant was bound to take the precautions mentioned in points 9 and 10.

The 11th point asserts that the court erred in not sustaining appellant's exceptions and objections to the findings of fact

and conclusions of law and in not thereafter making findings upon points raised in additional findings of fact and conclusions of law. This point is very general in character and on account of its generality and the number of matters comprehended therein does not require consideration. However, the findings of facts evidence that same were carefully considered and ably and fairly made. The record reflects, furthermore, that the various findings requested by the plaintiff received careful and painstaking consideration.

There is no error reflected in the record and the judgment of the trial court is in all things affirmed.