## CITY OF ORANGE, TEX.

v.

## LACOSTE, Inc.

### No. 14677.

United States Court of Appeals
Fifth Circuit.

March 19, 1954.

E. L. Reid, Orange, Tex., for appellant.

James D. McNicholas, Cecil, Keith & Mehaffy, Beaumont, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for $6,460.23, the market value of 3,271 cross ties for which plaintiff held warehouse receipts alleged to have been issued by defendant and acquired by plaintiff for value. There was a claim that the defendant city had issued the receipts in connection with the maintenance and operation of the Port of Orange, and by refusing to deliver the ties, had converted them. An alternative claim was that defendant was guilty of negligence in the operation of the port and the issuance of the receipts, and, as a result thereof, plaintiff was damaged in the sum sued for.

The defenses were: (1) a denial that the plaintiff had converted any ties belonging to plaintiff or had been guilty of any negligence in respect of the issuance of the warehouse receipts on which plaintiff had relied; (2) that the defendant was not a public warehouseman, nor in the warehouse business, and it was without authority of law to issue, and it did not issue, public warehouse receipts; (3) that the receipts relied on were issued beyond the authority, real or apparent, of those who issued them, in violation of the rules and regulations

promulgated by the wharf and dock commission of the defendant and in violation of the laws of Texas, of which regulations, laws, and rules plaintiff was charged with knowledge; and (4) that the plaintiff was itself negligent in placing confidence in one J. E. Burns, who had fraudulently procured the issuance of the receipts well knowing that there were no ties on hand to support them, and plaintiff's negligence was thus the proximate cause of its injuries.

Tried to the court without a jury on a stipulation and on oral evidence, there were findings [1] in plaintiff's favor, and a judgment entered thereon.

 Appealing from that judgment, the city is here urging upon us (1) that the city was without power to issue, and could not be held responsible on, the warehouse receipts sued on in this case; (2) that the plaintiff was charged as a matter of law with knowledge of the tariffs and could not base a claim upon the receipts issued in contravention thereof; (3) that it was error to find that Arledge's participation in the issuance of the warehouse receipts was negligent conduct imputable to the city so as to make it liable therefor; and (4) that the judgment was excessive in computing the value of the ties at $1.97 instead of $1.37 per tie.

The appellee, controverting all of the appellant's points of law and of fact, and citing authorities in support,[2] in its turn urges upon us that under settled law, the defendant, in providing, maintaining and operating the Port of Orange, was performing a proprietary function, and was liable for the negligence of its agents in connection therewith, which

---

1. Set out in full detail in the excellent but unreported opinion of the district judge, the findings, supported by the overwhelming evidence, are in substance these:

Plaintiff has for many years been engaged in the purchasing and selling of cross ties in the Gulf Coast area, including Texas, Louisiana, Mississippi, etc. Prior to Nov. 30, 1951, plaintiff entered into an agreement with one J. E. Burns, whereby it was to purchase from him cross ties of a certain specification to be delivered to certain ports, including the Port of Orange, Burns to deliver the ties to the Port of Orange and obtain non-negotiable warehouse receipts for each batch of ties as same were delivered.

Upon delivering the ties and receiving warehouse receipts therefor, Burns was to attach the warehouse receipts to a sight draft which plaintiff would pay upon presentation. At about the same time Burns, or one of his representatives, arranged with Arledge, defendant's port director, for the issuance of such receipts in a form suggested by Burns or his representative. Thereafter, commencing on Nov. 30, 1951, and continuing through June 30, 1952, approximately 150 such warehouse receipts covering in the aggregate 72,392 cross ties were issued and delivered by the port director or one Robbins acting under his authority to Burns or his successor. Arledge knew, or on the exercise of ordinary care should have known, that Burns was using the warehouse receipts as a means of obtaining payment from plaintiff for the ties. Of the 72,392 ties for which warehouse receipts were delivered, only 69,121 ties, of which 181 were rejected by plaintiff's inspector, were actually delivered to the port. Thus plaintiff paid for 3,190 ties, in reliance on the warehouse receipts and their correctness, which were never received at the port and which plaintiff never got.

The rules and regulations covering the wharfage, storage, and handling of commodities by the port, promulgated by the City of Orange, provided that the wharf was not engaged in the business of warehousing and did not issue warehouse receipts, but plaintiff had no actual knowledge of such rule or regulation.

The action of Robbins, in issuing warehouse receipts for cross ties which were not delivered to the port was negligence and was the proximate cause of plaintiff's damages. Plaintiff was not guilty of contributory negligence and since, in the operation of the port, the defendant was performing a proprietary function, defendant was liable for the unlawful or tortious acts of its officers or employees.

2. City of Houston v. Shilling, 150 Tex. 387, 240 S.W.2d 1010, 26 A.L.R.2d 935; McQuillin, "The Law of Municipal Corporations", Vol. 18, 3rd Ed., p. 410; City of Beaumont v. Dougherty, Tex.Civ. App., 298 S.W. 631; Johnson v. City of Corpus Christi, Tex.Civ.App., 243 S.W.2d 273; Kimbell Milling Co. v. Greene, 141 Tex. 84, 170 S.W.2d 191.

resulted in causing damage to persons dealing on the faith of their acts.

We agree with appellees. While it may not be doubted that the City of Orange was not in the business of issuing warehouse receipts and that it cannot be held liable as a public warehouseman, neither may it be doubted that in the operation of the port it was liable to persons injured by the negligence of its agents acting under either actual or apparent authority.[3] We are equally in no doubt that appellant's attacks upon the findings of the court as clearly erroneous find no support in the record. Indeed, we think that the evidence is substantially without dispute.

The judgment was right. It is affirmed.

---

3. Funderburg v. Southwestern Drug Corp., Tex.Civ.App., 210 S.W.2d 607; Hamilton v. Maroney, Tex.Civ.App., 57 S.W.2d 1125; Cawthorn v. City of Houston, Tex. Com.App., 231 S.W. 701.