Joyce Ann CHATWELL, a Minor, B/N/F J. R. Chatwell et ux., Appellants,

v.

BAKER OIL TOOLS, INC., Appellee.

No. 13685.

Court of Civil Appeals of Texas.

Houston.

March 30, 1961.

Ted Musick, Houston, for appellants.

Richard B. Miller, Walter E. Workman, Houston, Baker, Botts, Andrews & Shepherd, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit for damages resulting from an automobile collision. Baker Oil Tools, Inc., defendant in the trial court, filed a motion for summary judgment, and it was sustained by the trial court. Plaintiffs have duly perfected their appeal.

The sole issue presented by this appeal is whether the trial court correctly determined from the evidence before it that no material issue of fact exists as to the alleged liability of Baker Oil Tools, Inc., under the doctrine of respondeat superior.

Billy Eugene Leggett was employed by defendant as a District Training Service Engineer and resided in Corpus Christi, Texas. His duties required him to travel to various oil fields, where he trained personnel in the use of a new type of oil field tool. He was furnished an automobile by defendant, and was permitted to use it for purely social and personal reasons. All the expense of operation and maintenance was paid by defendant.

On the morning of October 30, 1958, Leggett left his home and drove to Victoria where he picked up an oil tool and then drove on to El Campo where it was to be placed in service. On arriving in El Campo he found that the job had been cancelled, so he returned to Victoria. There he learned that he was to pick up a set of tools in Houston the next morning and was told that he could drive that day and spend the night, or that he could come up early the next morning. Leggett drove on to Houston, arriving at a motel at 7:30 p. m.

After he had checked in, he called a friend who invited him out to his house. He spent the evening in a social visit with this friend. On his return trip to the motel, he was involved in the accident made the basis of this suit.

Plaintiffs' position is that during the entire time Leggett was away from home he was on a business trip; that his presence in Houston was the result of orders; that he had engaged in no unauthorized activities; and that his status at the time of the collision should be determined under the doctrine laid down in such cases as Knipe v. Texas Employers Ins. Ass'n, Tex.Civ. App., 234 S.W.2d 274; Liberty Mut. Ins. Co. v. Nelson, Tex.Sup., 178 S.W.2d 514; Smith v. Conner, Tex.Civ.App., 211 S.W. 2d 630; and Texas Power & Light Co. v. Evans, Tex.Civ.App., 225 S.W.2d 879.

In Smith v. Conner, supra, we cite with approval the following quotation from Sherman & Redfield on Negligence, Fifth Edition, Vol. 1, Page 361, Sec. 147:

" 'On the other hand, where a servant is allowed by his master to combine his own business with that of the master, or even to attend to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in, when a third person was injured by his negligence; but the master will be held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master in the act, the negligent performance of which caused the injury.' " [211 S.W.2d 632]

Appellant contends that the cases cited lay down the following rules: " 'If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own.' " The "mere mixing of the employee's personal matters or missions with those of his employer did not, as a matter of law, remove

the employee from the course of his employment." Knipe v. Texas Employers Ins. Ass'n, supra [234 S.W.2d 277]. "* * where the servant is, notwithstanding the deviation, engaged in the master's business within the scope of his employment it is immaterial that he joined with this some private business or purpose of his own." 57 C.J.S. Master and Servant § 574, p. 328.

We do not consider it necessary to discuss each of the cases cited. The record shows without dispute that Leggett had completed his work for the day when he checked into the motel. His subsequent trip to visit with his friend was a purely personal journey. In making this trip he "could not have been directly or indirectly serving his master," nor was he mixing personal matters with those of his employer. Under the undisputed facts Leggett had no further business to transact for his employer until the next day when he was to pick up the oil tools.

"It is the firmly settled rule that when a servant completely departs from his work to accomplish some purpose of his own not connected with his employment, the relation of master and servant is thereby temporarily suspended and the master is not liable for his acts during the period of such suspension." Southwest Dairy Products Co., Inc. v. De Frates et al., 132 Tex. 556, 125 S.W.2d 282, 283.

While Leggett was in Houston primarily because of the instructions he had received from his employer, and, no doubt, would not have been in that city had he not received such instructions, the particular trip during which the accident happened was not a slight deviation from a direct route to or from his place of work nor a combined business and pleasure trip. He simply was not working. The particular travel had no connection with his work, and did not tend to further the employer's business in any manner. As a matter of law, under the facts here presented, the defendant could not be held responsible for the negligent conduct of Leggett. International & G. N. R. Co. v. Anderson, 82 Tex. 516, 17 S.W. 1039; Galveston, H. & S. A. Ry. Co. v. Currie et al., 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,N.S., 367; Placencia v. Western Union Telegraph Co., 141 Tex. 247, 172 S.W.2d 86. The Trial Court did not err in sustaining the motion of Baker Oil Tools, Inc., for summary judgment.

Affirmed.