## CLARK v. LEVINGSTON SHIP-BUILDING CO.

### No. 4586.

Court of Civil Appeals of Texas.
Beaumont.

Dec. 29, 1949.

Rehearing Denied Jan. 25, 1950.

County, Texas, seeking to recover damages for alleged injuries, alleging that while an employee on a barge of said company, appellant was injured while the barge was trying to hold a rake, a portion of another ship which was being cut off by welding torches and. when said portion of said ship was cut off the weight was too great for· the barge and the barge tipped over and sunk, and appellant had to leave said barge and in doing so he seriously injured himself. He further alleged that he was a seaman within ·the meaning of the Jones Act, 46 U.S.C.A. ·§ 688, and sought to recover. under Section 56, Title 45 U.S.C.A. Railroads, this act being commonly referred; to as the Jones Act. The cause was tried to a jury and upon their verdict answering certain special issues propounded by the Court, judgment was entered· that appellant take nothing. From such judgment this appeal. is prosecuted.

Appellant plead several acts of negligence on the part of appellee which were alleged to be the proximate cause of his injuries and damages. The appellee answered by plea to the jurisdiction and plea in abatement, alleging that the trial court was without jurisdiction to hear this cause because same comes exclusively under the Longshoremen's and Harbor Workers' Compensation Act of the United States, Title 33 U.S.C.A. § 901, and is not such cause of action as arises in admiralty and cognizable under the Jones Act, further alleging that the appellant was not a seaman on the date of his alleged injuries within the provisions of· Federal statute governing ·such matters and that his duties were not those of a seaman; that is, he did not have to do with navigation of the vessel on which he claims to have been working. Therefore, this appellant's cause of action, if any was one compensable exclusively under the Longshoremen and Harbor Workers' Compensation Act, and was not a cause of action· to be administered in court, but by the Federal Security. Agency, Bureau of Employees' Compensation, and, further, that on the date of the alleged injuries appellee had in full force and effect a policy of Longshoremen and Harbor Workers' Compensation insur-

Adams & Browne, Beaumont, Fisher & Tonahill, Jasper, for appellant.

Chas. S. Pipkin & Alto V. Watson, Beaumont, for appellee.

COE, Chief Justice.

Appellant Ollie Clark brought suit against appellee Levingston Shipbuilding Company in the district court of Orange

ance with the Travelers Insurance Company; that if appellant has any cause of action or disability, that due to the type and nature of appellant's work and the circumstances and place where he was working, and the kind of work he was doing, as a matter of fact as well as of law, any compensation or recovery that he may be entitled to would come under the provisions of the Longshoremen and Harbor Workers' Act, and that such remedy is exclusive, and in place of all liability, if any, of the employer to the employee. In appellee's amended answer, among other defenses in paragraph 14 thereof, it alleged: "Further, defendant says that in the event that on the partial sinking of the platform or derrick barge, the plaintiff sustained any personal injuries, which is denied, then nevertheless the defendant says that under and by virtue of Title 33 U.S.C.A. § 901 et seq. Navigation and Navigable Waters, the full, adequate, sole and exclusive remedy of the plaintiff for any such injuries, which are denied, is that of the Longshoremen and Harbor Workers' Compensation, which the defendant has secured the payment of to the plaintiff for redress, if any he deserves, through the Bureau of Employees' Compensation through the Deputy Commissioner of the Federal Security Agency administering such Longshoremen and Harbor Workers' Compensation Act." No question being involved in this appeal questioning the sufficiency of the pleading of either party, nor the sufficiency of the evidence to suport the findings of the jury to the several special issues submitted to them by the court, we feel it unnecessary to further set out in detail the pleadings of the parties.

The jury, by its verdict, among other things, found that Ollie C. Clark was not injured on July 10, 1946, (this being the date he alleged he received the injuries complained of); that the barge on which Ollie Clark was working on July 10, 1946, was not a vessel; that appellant was entitled to no compensation for any pecuniary loss proximately caused by the negligence of the appellee; that on July 10, 1946, Ollie Clark was a harbor worker.

Some 40 other Special Issues were submitted to the jury but none was answered favorable to appellant's contentions. As heretofore stated, no contention is made that the evidence was insufficient to support either of the findings made by the jury; therefore we feel it unncessary to review the evidence further than to say that the evidence fully justified all the findings made by the jury.

The meat of appellant's contentions is that the trial court erred in admitting in evidence over his timely objections that the same were immaterial, irrelevant and highly prejudicial, certificates showing that the appellee carried Longshoremen and Harbor Workers' Compensation insurance covering employees at their shipyard in Orange, Texas. Further objections were made to the introduction of these certificates on the ground that they were hearsay; that there was no proof of their authenticity; that they constitute a conclusion and an opinion of what they purported to do and represent; that they placed before the jury the question of insurance. They further contend that the trial court erred in refusing to grant their motion for a new trial because of the alleged misconduct of the jury in discussing, during the deliberation, insurance and the possibility of appellant coming back in another suit and recovering from the insurance company, and further because of various acts of misconduct on the part of the jury during deliberation, which, when taken together, constitute error prejudicial in nature and a denial of this appellant a fair jury trial as contemplated by law.

The certificates to which the objections were directed are as follows:

"Certificate

That            (Original)

Employer Has Secured Payment
Of Compensation

"This Certifies that The Employer, Levingston Shipbuilding Company, Orange,
Orange County, Texas,

"Has complied with the provisions of the Longshoremen's and Harbor Workers'

Compensation Act of March 4, 1927, and the rules of the United States Employees' Compensation Commission and that he has secured the payment of compensation to his employees who are engaged in work which is subject to the provisions of the Act and the dependents of such employees. Such payment of compensation has been secured in accordance with section 32 of the Act [33 U.S.C.A. § 932] by insuring with The Travelers Insurance Company.

"This certificate expires April 1, 1947.

"City and State Galveston, Texas.

"Date May 27, 1946.

"/s/ Hugh A. Voris
Deputy Commissioner, Bureau
of Employees' Compensation

"Duplicate (Issued June 10, 1948) Eighth—Compensation District."

Duplicate

"Certificate
That
Employer Has Secured Payment Of
Compensation

This Certified That The Employer, Levingston Shipbuilding Company, Orange County, Texas

"Has complied with the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, and the ruled of the Federal Security Agency, Bureau of Employees' Compensation, and that he has secured the payment of compensation to his employees who are engaged in work which is subject to the provisions of the Act and the dependents of such employees. Such payment of compensation has been secured in accordance with section 32 of the Act by insuring with The Travelers Insurance Company.

"This certificate expires April 1, 1947.

"City and State Galveston, Texas

"Date May 27, 1946

"/s/ Hugh A. Voris
Deputy Commissioner, Bureau
of Employees' Compensation

"Duplicate (Issued: June 10, 1948) Eighth—Compensation District."

■ We find ourselves unable to agree with appellant that the injection of the fact that appellee carried insurance in this case is such an error as requires a reversal of this case. Appellant cites many cases supporting his contention that the injection of the independent fact that either party to the litigation was covered by insurance is such error as requires a reversal. Among the cases cited we find the cases of Rojas v. Vuecolo, 142 Tex. 152, 177 S.W.2d 962 and Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811.

■ As heretofore stated, in addition to the plea to the jurisdiction and plea in abatement setting up the fact that the appellee carried Longshoremen and Harbor Workers' Compensation insurance, the appellee plead such fact as an affirmative defense of any liability for appellant's alleged injuries and damages. Under this plea it was necessary for the appellee, in order to free itself of liability to the appellant for any damages proximately caused by any act or acts of negligence on the part of the appellant, to establish two facts, that is, that appellant was such an employee as was covered by such insurance and second that the appellee had provided such insurance for his benefit. Title 33, U.S. C.A. §§ 905 and 948, Navigation and Navigable Waters. Such sections provide:

"Sec. 905. Exclusiveness of liability. The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

"Sec. 948. Laws inapplicable. Nothing in sections 183, 184–186, 188, or 189 of

Title 46, shall be held to limit the amount for which recovery may be had (1) in any suit at law or in admiralty where an employer has failed to secure compensation as required by this chapter, or (2) in any proceeding for compensation, any addition to compensation, or any civil penalty."

If appellant desired the question of insurance to be kept from the jury, it seems to us that he would have had to admit into the record that appellee carried such insurance, thereby eliminating the necessity of such evidence and to have objected to the reading of the pleading to the jury. There is no objection to such pleading being read to the jury as we assume that it was.

In addition to the pleadings with reference to appellee having provided Longshoremen and Harbor Workers' Compensation insurance, one of appellee's witnesses was permitted to testify without objection as follows:

"Q. I see, did you, at my request, bring with you photographic copy of the original certficate of the Deputy Commissioner installing Longshoremen and Harbor Workers' insurance covering the period including July 10, 1946? A. Yes, sir. I have one.

"Q. Where is the original certificate? Have you searched for it? A. I have searched for the original and couldn't find it. We put the original in the clock house, and of course, we get bad weather, and every time we remodel or repair your notices, etc., are taken down.

"Q. You have been unable to find the original certificate? A. That's right; I don't have it. I have the certified copy.

"Q. Who is the Deputy Commissioner? A. Hugh A. Voris.

"Q. Was he in 1946? A. Yes, sir.

"Q. And this is a photostatic copy of the original certificate? A. Yes, sir.

"Q. Did you also, at my instance, last week write Mr. Voris for a duplicate of the original certificate, covering the period including July 10, 1946? A. I called him and asked for the duplicate.

"Q. Did you talk with him personally? A. Yes, sir.

"Q. And he said he would send you one? A. Yes.

"Q. Did you, in the regular course of the United States mails, receive the duplicate copy of the certificate? A. Yes.

"Q. Is it or isn't it signed by Mr. Voris? A. Yes.

"Q. You know personally he is the Deputy Commissioner administering the Act.

"Mr. Adams: We object to that as not the best evidence.

"The Court: Overruled.

"Mr. Adams: Note our exception. A. Yes, he is Deputy Commissioner, according to the signature."

■ At this point the appellee offered the certificates referred to whereupon attorneys for appellant objected to their introduction on the grounds reflected in their points, whereupon the appellee limited the offer of such certificates for jurisdictional purposes for the court and not for the consideration of the jury. Appellant's attorney then stated "All right". Near the completion of the evidence appellee's attorneys offered these certificates for all purposes whereupon attorney for appellant made substantially the same objections that he had theretofore made. These objections were again overruled and such certificates were received in evidence for all purposes. It thus appears that the question of the appellant having provided Longshoremen and Harbor Workers' Compensation insurance was squarely before the jury, both by the pleadings and the evidence, before the certificates showing such fact were offered in evidence, and if it can be said that appellant was injured because of the injection of the matter of insurance into the trial of the case, this was done before any objection was made, and had the trial court sustained such objection and refused to admit such certificates into evidence the appellant would have suffered the same supposed injury as he now complains of as a result of the introduction of the certificates into evidence.

While we do not think it necessary to pass upon this point, we are inclined to

the view that the Certificates were admissible in evidence over the objection that they were not properly authenticated by the proper authorities. As the evidence set out above reflects the original certificate installing Longshoremen and Harbor Workers' Compensation insurance was lost whereupon request was made to the office of the Deputy Commissoner, Bureau of Employees' Compensation, for a copy of such original certificate of the Deputy Commissioner installing Longshoremen and Harbor Workers' Compensation insurance covering the period including July 10, 1946, and for a duplicate of the orginal certificate covering the period including July 10, 1946. In due course by United States mail such certificates were furnished and received by the appellee purportedly duly issued by the Deputy Commissioner, Bureau of Employees' Compensation, on forms which purport to be. Form U.S.—239, and shows to have been printed in the United States Government printing office. This we are inclined to believe was sufficient to make a prima facie showing of proper authentication sufficient to permit their reception into evidence. However, under the circumstances as above outlined, we do not feel called upon to pass directly on this point.

Appellant's complaints to the effect that the jury discussed among themselves the question of insurance, the possbility of appellant being able to bring another suit against the insurance company; that the jury were separated for as long as 15 or 20 or 25 minutes at a time—some of the jurors being in one room and some in another—and agreement by the jury to award appellant nothing and the carrying out of their agreement are without merit. At the conclusion of the evidence, on motion for a new trial, the trial court filed his findings of fact and conclusion of law with reference. thereto, among which we find the following:

"I find that there was no general discussion of insurance or insurance coverage by the jurors in this case and that such discussion of insurance was made and heard by only a few jurors.

"I find that no mention of insurance was made by any jurors until after all twelve (12) jurors had unanimously voted that the plaintiff Ollie Clark was not injured on July 10, 1946, and Special Issue No. 1 of the Court's charge reading as follows:

"'Do you find from a preponderance of the evidence that the plaintiff Ollie Clark was injured on July 10, 1946?' was answered 'No'.

"I find that the discussion of insurance by the jurors were only questions of who was being sued, the Levingston Shipbuilding Company or the Insurance Company, and that no one answered the question, and another juror raised the question of whether or not Ollie Clark could come back and sue the insurance company in another suit, and that question likewise was not answered by anyone.

"I further find in this connection that Mr. Fred Hanscom, the foreman of the jury, stopped any discussion of the questions raised by calling the jury's attention to the fact that they were confined to the issues given them and nothing else.

"I conclude from the evidence, both on the hearing of motion for new trial and from the trial of the case, and from the record as a whole, that no injury resulted to the plaintiff, Ollie Clark, because of the occurrences mentioned, in all findings of fact and conclusions of law."

"I further find that during the deliberations of the jury, four or possibly five of the jurors went off to another room and stayed for as long as probably 20 minutes or 25 minutes, but all jurors were present at the time of voting on all the issues and participated in the discussion and voting.

"I conclude that the jurors made no agreement that Clark should get nothing and did not follow out any such agreement in arriving at its verdict, and that the said motion for new trial should be overruled."

These findings are supported by the evidence, and are binding on this Court.

It follows that no such misconduct of the jury as would require or justify a

reversal of the trial court was shown to exist.

Finding no error that would justify this Court in disturbing the judgment of the trial court, the same is affirmed.