754 S.W.2d 279 (1988)
The STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, State of Texas, Appellants,
v.
Janice BACON, Individually and as Representative of the Estates of Donald Ray Bacon and Elizabeth L. Mayer, Deceased, Appellees.
No. 9622.
Court of Appeals of Texas, Texarkana.
May 24, 1988.
Rehearing Denied June 28, 1988.
*280 Delmar L. Cain, Asst. Atty. Gen., Highway Div., Austin, for appellants.
Glenn A. Perry, Hill, Perry & Sloan, Longview, for appellees.
GRANT, Justice.
Janice Bacon sued the State of Texas for personal injuries to herself, and as representative of the Estates of Donald Ray Bacon and Elizabeth L. Mayer, she brought a wrongful death action against the State of Texas. These actions were based upon allegations of negligence against the Texas Department of Highways and Public Transportation for failing to warn motorists of known hazardous road conditions. The trial court granted a judgment for $100,000 to Bacon individually, a judgment of $100,000 to Bacon as representative of her husband's estate (Donald Ray Bacon), and $76,187.81 as representative of her mother's estate (Elizabeth L. Mayer), for a total recovery of $276,187.81. This case was tried under the Texas Tort Claims Act, in accordance with Tex.Civ.Prac. & Rem.Code Ann. § 101.001, et seq. (Vernon 1986 and Supp.1988). The State appeals.
In November of 1980, Janice Bacon and her mother were riding as passengers in a car driven by her husband. Her husband lost control of the car on an icy bridge, resulting in a head-on collision with a truck. Her husband and mother died from injuries sustained in the collision, and Janice Bacon was seriously injured. The jury found that neither driver was negligent, that neither driver had actual knowledge that the bridge was icy, that the Highway Department did have actual knowledge of the dangerous condition and negligently failed to warn the public, and that its negligence was the proximate cause of the collision.
The State brings sixteen points of error raising four basic contentions: (1) The trial court erred in instructing the jury to find whether the drivers had actual knowledge of the dangerous condition of the icy bridge (under this contention the State contends that constructive knowledge was the proper standard). (2) The trial court erred in overruling the State's motion for a directed verdict, judgment non obstante veredicto, motion for new trial, and motion to disregard finding, because there was no evidence or alternatively, insufficient evidence, to support the jury finding that the two drivers did not have actual knowledge of the dangerous condition. (3) The trial court erred in its refusal to instruct the jury that a "dangerous condition" does not include a condition that the licensee is likely to discover. (4) The trial court erred in allowing prejudgment interest on the *281 wrongful death recovery by the Estate of Elizabeth Mayer.
We address first the State's contention that an improper standard was used by the trial court in requiring that Donald Ray Bacon, the driver, must have had actual knowledge of the icy conditions on the bridge in order to absolve the State from liability. The duty owed by the State is the same as the duty owed by a private person to a licensee on private property. Lower Neches Valley Authority v. Murphy, 536 S.W.2d 561 (Tex.1976); State v. Tennison, 509 S.W.2d 560 (Tex.1974); Billstrom v. Memorial Medical Center, 598 S.W.2d 642 (Tex.App.-Corpus Christi 1980, no writ). In each of the foregoing cases, the courts concluded that the licensor (the State) has a duty either to warn the licensee of an unsafe condition or to make that condition reasonably safe in a situation where licensor has actual knowledge of the dangerous condition and the licensee does not.
The Restatement (Second) of Torts § 342 (1965), would impose liability on the licensor when he "knows or has reason to know" of the dangerous condition and the licensee does "not know or have reason to know of the condition and the risk involved." While, in our opinion, the Restatement position would be the better standard for both the licensor and licensee, we are bound by precedent to abide by the actual knowledge standard until such time as the Texas Supreme Court or the Texas Legislature sees fit to adopt the standard set forth in the Restatement. We therefore find that the trial court did not err in its instructions to the jury in this regard.
In reviewing the no evidence points raised by the State, we consider only the evidence tending to support the findings, viewing it in the light most favorable to the findings, giving effect to all reasonable inferences therefrom, and disregarding all contrary and conflicting evidence. Glover v. Texas General Indemnity Co., 619 S.W. 2d 400 (Tex.1981). If there is any probative evidence tending to support the finding, we must overrule the State's no evidence point of error. See International Bank, N.A. v. Morales, 736 S.W.2d 622 (Tex.1987), citing Garza v. Alviar, 395 S.W.2d 821 (Tex.1965). In reviewing the insufficient evidence contentions, we consider and weigh all the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).
The evidence in support of the jury finding that Donald Ray Bacon did not have actual knowledge of the icy condition of the bridge includes the following testimony: Janice Bacon testified that there were no signs alerting them to any dangerous condition anywhere along the road that they had traveled, that they had not seen any highway crews engaged in de-icing activities, that they had not encountered any slick spots on the highway before reaching the bridge, that the bridge appeared to be wet but did not look icy, and that the bridge was unsanded. The investigating officer from the Department of Public Safety testified that the ice could not have been detected by a person driving down the highway. We find that this testimony constitutes some probative evidence tending to support the jury's finding that the driver lacked actual knowledge that the bridge was icy, and we therefore overrule the State's no evidence points.
On the sufficiency of evidence points as to whether Donald Ray Bacon did not have knowledge of the icy condition of the bridge, we look at all of the evidence offered. Janice Bacon testified that she and her husband had discussed the possibility of road icing and were proceeding cautiously. The State argues that this testimony conclusively proves that Donald Ray Bacon had knowledge of icy conditions. We disagree. The mere fact that the Bacons discussed the possibility of road icing does not show actual knowledge that the bridge in question was in fact icy. We find that there was sufficient evidence to show that there was a lack of knowledge by the driver of the Bacon vehicle.
The State also contends that it was necessary for Bacon to prove that both her husband and the truck driver were without actual knowledge of the icy condition on the bridge. The jury made a finding that *282 the truck driver, Marvin Morrow, did not have knowledge of the icy condition. The jury also found on a percentage issue of comparative negligence that the State was one hundred percent at fault and that the two drivers were zero percent at fault. If the jury had found that Morrow had knowledge of the icy condition and that he was negligent, this would only make him a joint tortfeasor and thus would allow the State to obtain contribution from him. Such jury findings would not relieve the State from liability to the plaintiffs. Since the State did not challenge the jury's finding that Morrow was not negligent, we do not find it necessary to address the no evidence and insufficient evidence points on Morrow's lack of knowledge.
The State contends that the trial court erred in refusing to include a requested addition to the definition in the charge of a "dangerous condition." The charge defined that term as "a condition that creates an unreasonable risk of harm to a user of the roadway in question." The State proposed to add the following:
You are instructed for purposes of this Special Issue that "Dangerous Condition" does not include a condition which a user of the roadway, exercising ordinary care, is likely to himself discover.
We find that the definition given by the trial court is correct. Seideneck v. Cal-Bayreuther Associates, 451 S.W.2d 752 (Tex.1970); Marshbank v. Austin Bridge Co., 669 S.W.2d 129 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.). The State's requested language was an effort to inject constructive knowledge as a defense into the definition of a correctly defined term. The knowledge of the driver was covered by another issue submitted to the jury, and we find that the trial court did not err in refusing to add this language to the definition.
In its last point of error, the State argues that prejudgment interest was improperly granted on the recovery by the Estate of Elizabeth Mayer. The recoveries by Janice Bacon individually and on behalf of the Estate of Donald Ray Bacon were reduced to $100,000 each because of the statutory limitation.[1] The statutory cap precludes any recovery of interest when the total damages equal or exceed the maximum recovery. The Estate of Elizabeth Mayer was awarded $46,100 in damages plus $30,087.81 in interest.
The Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986), provides that a governmental entity is liable for personal injury and death caused by a condition of real property to the same extent a private person would be liable under Texas law. Pursuant to the general rule laid down in Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549 (Tex. 1985), prejudgment interest is recoverable on a wrongful death claim against a private person. We see no reason why the State would not be also liable for such interest under the Tort Claims Act. In the recent case of Standard Fire Ins. Co. v. Morgan, 745 S.W.2d 310 (Tex.1987), prejudgment interest was disallowed on a workers' compensation recovery because the Legislature had set out an exact compensation scheme in the statute. The Texas Tort Claims Act does not provide an exact compensation scheme, but merely puts a cap on the total recovery. We therefore find that the allowance of appropriate interest (in accordance with Cavnar) that does not exceed the allowed maximum statutory recovery is proper.
The judgment of the trial court is affirmed.
NOTES
[1] This was the statutory limit in 1980 when this collision occurred. Tex.Rev.Civ.Stat.Ann. art. 6252-19, § 3 (Vernon 1970). The maximum has since been increased. Tex.Civ.Prac. & Rem. Code Ann. § 101.023 (Vernon 1986 and Supp. 1988). The total jury award to the Estate of Donald Ray Bacon was $270,540. The total jury award to Janice Bacon, individually, was $108,682.30.