STATE DEPARTMENT OF HIGHWAYS
AND PUBLIC TRANSPORTATION,
Appellant,

v.

Emil DOPYERA, et al., Appellees.

No. 08–90–00087–CV.

Court of Appeals of Texas,
El Paso.

Oct. 31, 1990.

Rehearing Overruled Dec. 12, 1990.

Don B. Morgan, Cynthia L. Hooper, Asst. Attys. Gen., Highway Div. Austin, for appellant.

Terry P. Ayre, Houston, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

In a suit for property damages over the collision of a yacht with a drawbridge, the jury verdict was favorable to the yacht owner. We affirm.

The Dopyeras, Appellees, were owners and operators of the charter yacht, the "Rachel B. Jackson." In June 1985, the yacht collided with the Kemah drawbridge which was owned and operated by the State of Texas, through its agent, the State Department of Highways and Public Transportation, Appellant. The Kemah drawbridge, a motor-driven bridge, spanned the Clear Lake Channel and was being lowered at the time of the collision. Comparative negligence issues were submitted to the jury which placed sixty percent (60%) of the fault on the Dopyeras and forty percent (40%) of the fault on the operator of the drawbridge, the State Department of Highways and Transportation. Damage to the yacht was found to be $130,000.00. Applying the comparative negligence findings of the jury, the trial judge entered judgment for the Appellees in the amount of $52,-000.00 plus interest and costs.

Point of Error No. One asserts challenges that the trial court erred by basing its judgment on federal admiralty law when the case was tried under the Texas Tort Claims Act ("TTCA").

Point of Error No. Two asserts that the trial court erred in applying maritime pure comparative negligence law to the jury findings tried under the TTCA and by doing so the trial court created two classes of plaintiffs.

▇ Addressing the first point of error, it must be noted that if Texas contributory negligence law is applied, the Dopyeras would not recover under the jury verdict due to the fact that the jury found Appellees to be in excess of the fifty percent (50%) liability limit under Tex.Civ.Prac. & Rem.Code Ann. § 33.001(a) (Vernon Supp. 1990). This, however, is a maritime tort action where a governmental unit of the State of Texas was sued under the TTCA. Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986). Under maritime law, unlike the recovery allowed under the Texas contributory negligence scheme, a plaintiff's negligence is not an absolute bar to recovery and a comparative negligence standard is implemented to mitigate the amount of damages awarded to the plaintiff. *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 258–59, 99 S.Ct. 2753, 61 L.Ed.2d 521, 526 (1979), *reh. denied*, 444 U.S. 889, 100 S.Ct. 194, 62 L.Ed.2d 126 (1980).

▇ The TTCA provides that a governmental unit in the state is liable for property damage arising from the operation or use of "motor-driven equipment." Tex.Civ. Prac. & Rem.Code Ann. § 101.021. If Section 101.021 is applicable, the TTCA provides a limited waiver of sovereign immunity which permits a claimant to bring a lawsuit and subject a governmental unit of the State of Texas to liability for claims specified in the TTCA. Tex.Civ.Prac. & Rem.Code Ann. §§ 101.021, 101.025 (Vernon 1986). Although the TTCA does encompass a property damage claim arising from the operation of a motor-driven ve-

hicle, such as the motor-driven bridge in the case at hand, the liability for an accident arising from a maritime accident is not specified in the chapter regarding tort claims under Texas law. See Tex.Civ.Prac. & Rem.Code Ann. § 101.023 (Vernon 1986). Thus, once Texas waived its sovereign immunity pursuant to the TTCA in an admiralty case, then maritime law and remedies apply. *Kamani v. Port of Houston Authority,* 702 F.2d 612, 613–14 (5th Cir.1983); *see also Young v. Kilroy Oil Company of Texas,* 673 S.W.2d 236, 244 (Tex.App.— Houston [1st Dist.] 1984, writ ref'd n.r.e.) (where there is a judicially established federal administrative rule on issue at hand, the court should look to federal rule versus state jurisdiction to resolve the matter).

▪ The general rule is that any tort which occurs in navigable waters of the United States falls within admiralty jurisdiction and maritime law applies. *McCormick v. United States,* 680 F.2d 345, 347 (5th Cir.1982). The yacht owned by Appellees was operating in navigable waters, therefore admiralty jurisdiction applies. The maritime cause of action may be brought either in state court pursuant to the "saving to suiters" clause or in federal court. 28 U.S.C.S. § 1333 (1986). Generally, if a maritime tort occurs, then maritime law governs regarding the rights and liabilities of the parties, regardless of whether the case could be brought in either a federal or state forum. 2 C.J.S. Admiralty § 70, at 173–74 (1972). Substantive remedies, however, afforded by the states must conform to the governing federal maritime standards. This remedy is called the "reverse-Erie" doctrine which requires the application of state law to conform to the governing federal law. *Exxon Corporation v. Chick Kam Choo,* 817 F.2d 307, 316 (5th Cir.1987), *rev'd on other grounds,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). Thus, even though state law may be used to supplement maritime law when maritime law is silent on an issue, or where there is a local matter in issue, state law may not be used when it would conflict with maritime law. See *Exxon Corporation v. Chick Kam Choo,* 817 F.2d 307, 316. In light of the fact that the TTCA

does not contain a provision as to whether contributory negligence would bar or mitigate damages in a maritime action, maritime law governs in that contributory negligence will not act to completely bar recovery, but only is considered in the mitigation of damages.

In the United States Supreme Court case of *Pope & Talbot, Inc. v. Hawn,* where a person was hurt on navigable waters within the state of Pennsylvania, it was urged that state law should apply which would in effect bar recovery for the injured person's contributory negligence. *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953). The Supreme Court held that the harsh rule of contributory negligence that wholly barred recovery was completely incompatible with admiralty law which allows such consideration of contributory negligence only in mitigation of damages. 346 U.S. at 408–10, 74 S.Ct. at 202, 98 L.Ed. at 150–51. Furthermore, the Supreme Court stated that when state courts purport to enforce federally created rights, they must apply the contents of those rights as determined by the Supreme Court. The effect of contributory negligence upon a plaintiff's maritime rights is a matter of substance governed exclusively by maritime law. 346 U.S. at 409–10, 74 S.Ct. at 202, 98 L.Ed. at 151. It must be noted that the case at hand does not pertain to a state employee suing the state in which a worker's compensation claim is at issue. In the present action, the claim involves motor-driven equipment which falls squarely within the TTCA, thus the Lyons and Welch case prodigies are inapplicable to the instant action. *Welch v. State Department of Highways and Public Transportation,* 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987); *Welch v. State Department of Highways and Public Transportation,* 780 F.2d 1268 (5th Cir.1986) (en banc); *Welch v. State Department of Highways and Public Transportation,* 739 F.2d 1034 (5th Cir.1984), reh. granted, 780 F.2d 1268 (5th Cir.1986); *Lyons v. Texas A & M University,* 545 S.W.2d 56 (Tex.App.— Houston [14th Dist.] 1976, writ ref'd n.r.e.).

▪ Appellant also argues that Appellees waived all rights to admiralty jurisdic-

tion due to Appellees' alleged failure to correctly plead admiralty jurisdiction. Appellees may invoke jurisdiction in either state or federal court and may achieve a sufficient pleading by making a simple statement of facts that the claim involves either an admiralty or maritime matter. See generally *Bodden v. Osgood,* 879 F.2d 184 (5th Cir.1989). Thus Appellees' pleadings, which stated that the case involved a "lake," a "vessel" operated in water, and a "boat" appear sufficient to appraise Appellant with fair notice of the merits of the case so that Appellant had the opportunity to prepare an adequate maritime defense.

Addressing Appellant's second point of error, Appellant alleges that by applying maritime law to the case at hand, two classes of plaintiffs were created which is contrary to what the Texas legislature intended for the TTCA. In view of the fact that federal maritime comparative negligence law preempts Texas contributory negligence law, the issue of whether two classes of plaintiffs were created by the application of maritime law to torts committed on the high seas and navigable water is not a practicable argument for this Court to address.

Points of Error Nos. One and Two are overruled.

We affirm the judgment of the trial court.