**The PORT OF HOUSTON AUTHORITY and Dixie Stevedores, Inc., Appellants,**

v.

**John O. GUILLORY and the Port of Houston Authority, Appellees.**

No. 01–90–00935–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 27, 1991.

Rehearing Overruled July 25, 1991.

---

**3.** We note that the injunction suffers from many of the same defects found in the covenant.

Karinne M. McCullough, Reagan M. Brown, R. Stephen Ferrell, and Jennifer Burch Hogan, Houston, for appellants.

Robert Rapp, Houston, for appellees.

Before DUGGAN, PRICE[1] and DUNN, JJ.

## OPINION

DUNN, Justice.

The appellant, The Port of Houston Authority ("Port Authority"), appeals the judgment rendered in favor of the appellee, John O. Guillory. The appellant, Dixie Stevedores, Inc. ("Dixie"), appeals the judgment rendered in favor of the appellee, the Port Authority.

Guillory sued the Port Authority for personal injuries he received because of the alleged negligence of the Port Authority. Guillory claimed that he was injured on June 9, 1984, while working as a longshoreman for Dixie on the Port Authority's property and operating a truck owned and provided by the Port Authority. Guillory brought suit under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.-003 (Vernon 1986), the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (Supp.1990), and federal maritime law.

The jury found the Port Authority was negligent and its negligence proximately caused Guillory's accident. In addition, the jury found Dixie was negligent and its negligence also proximately caused Guillory's accident. The jury found that 95 percent of the negligence was attributable to the Port Authority and five percent was attributable to Dixie. The jury awarded Guillory $86,462.59 for lost earnings, $30,000 for lost earning capacity, $23,151.45 for past medical expenses, $125,000 for past pain and mental anguish, and $20,000 for future pain and mental anguish. Furthermore, the jury found that the Port Authority engaged in willful, wanton, malicious, or grossly negligent conduct and awarded Guillory $500,000 as exemplary damages.

The trial court entered judgment that Guillory recover $956,781.91, including $172,167.87 in prejudgment interest, from the Port Authority. The trial court also entered judgment that the Port Authority had a five-percent right of contribution against Dixie and could recover $22,839.09.

In its first and second points of error, the Port Authority contends that the trial court erred in awarding Guillory damages in excess of $100,000 and in awarding him exemplary damages. Specifically, the Port Authority contends that the Texas Tort Claims Act only waives the Port Authority's sovereign immunity up to $100,000 in damages and does not waive its immunity from exemplary damages.

█ Not only did Guillory assert his cause of action under the Texas Tort Claims Act, he also asserted it under federal maritime law. Under the "savings to suitors" clause, a Texas state court could adjudicate Guillory's maritime claims against the Port Authority. 28 U.S.C. § 1333(1) (1986); see Madruga v. Superior Court, 346 U.S. 556, 560–61, 74 S.Ct. 298, 300–01, 98 L.Ed. 290 (1954) (state can adjudicate maritime causes of action that are in personam).

█ A state is immune from suit brought under general maritime law unless it has consented to such a suit. Kamani v. Port of Houston Auth., 702 F.2d 612, 613 (5th Cir.1983); Lyons v. Texas A & M Univ., 545 S.W.2d 56, 58 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). The Port Authority, as a navigation district, is a political subdivision of the state of Texas. Bennett v. Brown County Water Improvement Dist., 153 Tex. 599, 605, 272 S.W.2d 498, 502 (Tex.1954); Lynch v. Port of Houston Auth., 671 S.W.2d 954, 959 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); TEX.CIV.PRAC. & REM.CODE ANN. § 101.001(2)(B) (Vernon Supp.1991). Consequently, the Port Authority is immune from suit under maritime law unless consent has been given. Kamani, 702 F.2d at 613.

Guillory argues that the Port Authority is not entitled to sovereign immunity because the present suit arises out of a pro-

---

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at   Houston, sitting by assignment.

prietary function. However, the Port Authority, like a county, only performs governmental functions; it does not perform proprietary functions. *Bennett*, 153 Tex. at 605, 272 S.W.2d at 502; *Lynch*, 671 S.W.2d at 959; *Jones v. Texas Gulf Sulphur Co.*, 397 S.W.2d 304, 308 (Tex.Civ. App.—Houston 1965, writ ref'd n.r.e.).

Guillory urges this Court to consider the dissent in *Bennett* and find that the Port Authority was engaged in a proprietary function. The dissent argued that navigation districts should not enjoy sovereign immunity when engaged in a purely local function. *Bennett*, 153 Tex. at 623–24, 272 S.W.2d at 513–14 (Wilson, J., dissenting). In addition, Guillory urges this Court to consider several federal cases, which considered immunity under U.S. CONST. amend. XI, that have analyzed whether a port or navigation district was performing a proprietary function. *See, e.g., McDonald v. Board of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir.1987) (after viewing powers and characteristics of levee board, court concluded it was not arm of the state entitled to immunity); *Jacintoport v. Greater Baton Rouge Port Comm'n*, 762 F.2d 435, 438 (5th Cir.1985) (federal court must examine particular entity to determine whether suit against it was really suit against state), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 797, 88 L.Ed.2d 774 (1986); *cf. City of Orange v. Lacoste, Inc.*, 210 F.2d 939, 940–41 (5th Cir.1954) (city operating port was performing proprietary function).

■ As an intermediate court of appeals, this Court is bound to follow the Texas Supreme Court's expressions of the law. *Lumpkin v. H & C Communications, Inc.*, 755 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Witty v. American Gen. Capital Distribs., Inc.*, 697 S.W.2d 636, 639 (Tex.App.—Houston [1st Dist.] 1985), *rev'd in part and aff'd in part*, 727 S.W.2d 503 (Tex.1987). Changes in the law should be left to the Texas Supreme Court. *Witty*, 697 S.W.2d at 639. Therefore, we continue to follow the law, as stated by the Texas Supreme Court, that a navigation district cannot perform pro-

prietary functions; it can only perform governmental functions.

■ The state of Texas waived sovereign immunity to suit against it or its political subdivisions in limited circumstances. TEX.CIV.PRAC. & REM.CODE ANN. § 101.025 (Vernon 1986). Under the Texas Tort Claims Act, a political subdivision of the state is liable for personal injuries caused by the negligence of an employee acting in the scope of his employment if the personal injury arose from "the operation or use of a motor-driven vehicle or motor-driven equipment." TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1986); *cf. Mifsud v. Palisades Geophysical Inst., Inc.*, 484 F.Supp. 159, 162 (S.D.Tex.1980) (state of Texas has consented, under Texas Tort Claims Act, to be sued for negligence in a maritime cause of action). Therefore, the Port Authority was not immune from Guillory's maritime cause of action; Guillory claimed he was injured, while driving a truck, due to the Port Authority's negligence.

■ However, the Texas Tort Claims Act also places limitations on the liability of a political subdivision. A political subdivision's liability is limited to $100,000 in money damages. TEX.CIV.PRAC. & REM.CODE ANN. § 101.023(b) (Vernon Supp.1991). The limitation on money damages also applies to prejudgment interest. *See Weller v. State*, 682 S.W.2d 234, 234 (Tex.1984) (since jury found damages in excess of $100,000, the Texas Tort Claims Act precludes the award of prejudgment interest); *State Dep't of Highways & Pub. Transp. v. Bacon*, 754 S.W.2d 279, 282 (Tex.App.—Texarkana 1988, writ denied) (statutory cap on damages in Texas Tort Claims Act precludes recovery of prejudgment interest when total damages equal or exceed the maximum recovery). In addition, the Texas Tort Claims Act does not authorize recovery of exemplary damages from a political subdivision. TEX.CIV.PRAC. & REM.CODE ANN. § 101.024 (Vernon 1986). The primary question presented by this appeal is whether the limitation of liability and the exclusion of exemplary damages in the

Texas Tort Claims Act can be applied to an admiralty cause of action.

In a recent case, the El Paso Court of Appeals considered whether the absolute bar of Texas comparative negligence could be applied to an admiralty cause of action. *State Dep't of Highways & Pub. Transp. v. Dopyera,* 799 S.W.2d 469, 470 (Tex. App.—El Paso 1990, writ granted). The Dopyeras sought recovery for damages to their yacht incurred when a drawbridge was lowered as the yacht passed under it. *Id.* The jury apportioned 60 percent of the liability to the Dopyeras; under Texas comparative negligence law, the Dopyeras would have been completely barred from recovering any damages. *Id.* The court found that once the state, under the Texas Tort Claims Act, waived its immunity to an admiralty case, maritime laws and remedies applied to the case. *Id.* at 471. Since state law could not be used if it conflicted with maritime law, and the Texas Tort Claims Act contained no provision regarding comparative negligence, the absolute bar of Texas comparative negligence did not prevent the Dopyeras from recovering damages. *Id.* Maritime comparative negligence law governed. *Id.*

The Fifth Circuit considered whether the notice requirement of the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.101 (Vernon 1986), applied to an admiralty claim. *Kamani,* 702 F.2d at 615. The court found that the notice requirement, which was contained in the Texas Tort Claims Act, was intended to apply to all claims, including admiralty claims, brought under the Texas Tort Claims Act. *Id.* The notice requirement was a limit on the waiver of sovereign immunity. *Id.* Thus, it was binding on the admiralty claim. *Id.*

■ Similarly, we find that the limitation on recoverable money damages and the exclusion of exemplary damages are limits on the waiver of sovereign immunity under the Texas Tort Claims Act. *Trinity River Auth. v. Williams,* 689 S.W.2d 883, 884 (Tex.1985). Unlike the law of comparative negligence, the limitations on money damages and the exclusion of exemplary damages are contained in the Texas Tort Claims Act. Hence, the limitation on money damages and the exclusion of exemplary damages were intended to apply to all causes of action brought under the Texas Tort Claims Act, including admiralty causes of action. The limitation on money damages and the exclusion of exemplary damages in the Texas Tort Claims Act applied to Guillory's claim under maritime law.

The trial court erred in awarding Guillory more than $100,000 in money damages and prejudgment interest. The trial court also erred in awarding Guillory exemplary damages. We sustain the Port Authority's first and second points of error.

Due to the disposition of the Port Authority's first and second points of error, we do not address its other points of error.

In its first point of error, Dixie contends that the trial court erred in entering judgment that awarded the Port Authority a five-percent right of contribution against Dixie.

The Port Authority filed a third-party claim against Dixie. The Port Authority claimed that, in the event it was held liable to Guillory, it was entitled to contribution or indemnity from Dixie because of Dixie's negligence, the implied warranty of workmanlike performance running from Dixie to the Port Authority, and a contract between the Port Authority and Dixie. According to the Port Authority, the contract required Dixie to indemnify the Port Authority against any claims arising from Dixie's operations at the Port Authority's property.

The Port Authority was not granted indemnification from Dixie; rather, the Port Authority was granted a right of contribution from Dixie. The Port Authority sought contribution from Dixie because of Dixie's negligence. A liable defendant is entitled to a right of contribution against any other party who is liable to the injured party for a percentage of responsibility. TEX.CIV.PRAC. & REM.CODE ANN. § 33.016(b) (Vernon Supp.1991). The liable defendant is entitled to contribution even though the injured party may seek no relief from the other party. *Id.*

■ The jury found Dixie was negligent and its negligence proximately caused Guillory's injuries. Therefore, although Guillory did not assert any claim against Dixie, the Port Authority was entitled to a right of contribution against Dixie for Dixie's percentage of responsibility.

However, a liable defendant is not entitled to a right of contribution from any party against whom the injured party has no cause of action. *Amoco Chems. Corp. v. Malone Serv.,* 712 S.W.2d 611, 613 (Tex. App.—Houston [1st Dist.] 1986, no writ); *Safway Scaffold Co. of Houston, Inc. v. Safway Steel Prods., Inc.,* 570 S.W.2d 225, 228–29 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *see also Varela v. American Petrofina Co.,* 658 S.W.2d 561, 562–63 (Tex.1983) (since employee was precluded under workers' compensation statute from any cause of action against employer, third party had no claim for contribution from employer). Dixie contends that Guillory was precluded from any cause of action against it because he received workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act.

■ The burden was on Dixie to prove that Guillory was an employee entitled to workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act and that it had provided such benefits to Guillory. *Clark v. Levingston Shipbuilding Co.,* 226 S.W.2d 212, 215 (Tex.Civ.App.—Beaumont 1949, writ ref'd n.r.e.); *see also Brown Servs., Inc. v. Fairbrother,* 776 S.W.2d 772, 775–76 (Tex. App.—Corpus Christi 1989, writ denied) (contention that employee's only remedies were under the Workers' Compensation Act was an affirmative defense; burden was on employer to establish it); *Guerrero v. Standard Alloys Mfg. Co.,* 598 S.W.2d 656, 657 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.) (when employer presented no evidence that it was subscriber under the Workers' Compensation Act or that it carried workers' compensation insurance, trial court erred in failing to grant employee's motion for judgment on negligence claim).

■ By stipulation, the evidence established Guillory had been paid workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act. An injured worker who received workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act is precluded from pursuing any cause of action, at law or in admiralty, against his employer. 33 U.S.C. § 905(a) (Supp.1990). Since Dixie was Guillory's employer, and Guillory received workers' compensation benefits, Guillory was precluded from pursuing a cause of action against Dixie. Consequently, the Port Authority was not entitled to a right of contribution against Dixie, and the trial court erred in entering judgment awarding the Port Authority a five-percent right of contribution against Dixie.

We sustain Dixie's first point of error.

Due to the disposition of Dixie's first point of error, we do not address its second point of error.

We reform the judgment to order the Port Authority to pay Guillory $100,000 in actual damages only. We reverse that portion of the judgment awarding the Port Authority a five-percent right of contribution against Dixie and render judgment that the Port Authority take nothing from Dixie. We affirm the remainder of the judgment, as reformed.